UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| DIANNA DOBSON </br> 147 W. Pellyton Road </br> COLUMBIA, KY 42728 </br> </br>         Plaintiff </br> </br> VS. </br> </br> ADAM SANDIDGE, </br> INDIVIDUALLY AND IN HIS OFFICIAL </br> CAPACITY AS A COMMERCIAL VEHICLE </br> ENFORCEMENT OFFICER FOR THE </br> KENTUCKY STATE POLICE </br> 1118 JAMESTOWN ST. </br> COLUMBIA, KY 42728 </br> </br> AND </br> </br> ALLEN SHIRLEY, </br> INDIVIDUALLY AND IN HIS OFFICIAL </br> CAPACITY AS A COMMERCIAL VEHICLE </br> ENFORCEMENT OFFICER FOR THE </br> KENTUCKY STATE POLICE </br> 1118 JAMESTOWN ST. </br> COLUMBIA, KY 42728 </br> </br> AND </br> </br> KENTUCKY STATE POLICE </br> 919 VERSAILLES ROAD </br> FRANKFORT, KENTUCKY 40601 </br> </br> SERVE: RODNEY BREWER (COMMISSIONER) </br>      919 VERSAILLES ROAD </br>      FRANKFORT, KENTUCKY 40601 </br> </br> AND </br> </br> RICK SANDERS, </br> INDIVIDUALLY AND IN HIS OFFICIAL </br> CAPACITY AS COMMISSIONER FOR THE </br> KENTUCKY STATE POLICE | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | COMPLAINT </br> </br> </br> </br> Civil Action No.  1:20-cv-115-GNS |

1

| | |
|---|---|
| 919 VERSAILLES ROAD | ) |
| FRANKFORT, KY 40601 | ) |
| | ) |
| AND | ) |
| | ) |
| KENTUCKY JUSTICE AND SAFETY CABINET | ) |
| 125 HOLMES STREET | ) |
| FRANKFORT, KY 40601-2108 | ) |
| | ) |
| SERVE: MARY C. NOBLE (SECRETARY) | ) |
| 125 HOLMES STREET | ) |
| FRANKFORT, KY 40601-2108 | ) |
| | ) |
| AND | ) |
| | ) |
| JOHN TILLEY, | ) |
| INDIVIDUALLY AND IN HIS OFFICIAL | ) |
| CAPACITY AS SECRETARY FOR THE | ) |
| KENTUCKY JUSTICE AND SAFETY CABINET | ) |
| 125 HOLMES STREET | ) |
| FRANKFORT, KY 40601 | ) |
| | ) |
| Defendants | ) |

\* \* \* \* \* \* \* \*

Comes the Plaintiff, Diana Dobson, by and through counsel, and for her Complaint against the above named Defendants and hereby states as follows:

**PRELIMINARY STATEMENT**

1. This case presents multiple claims against the Kentucky State Police and its law enforcement officers arising from an incident in which an officer for the Kentucky State Police used excessive force, engaged in police brutality and corruption, excessively charged Dianna Dobson (hereafter "Dianna") with crimes and caused bodily injuries to Dianna, and violated Dianna's civil and constitutional rights under color of law pursuant to 42 USC §1983.

**JURISDICTION AND PARTIES**

2. This action arises under 42 U.S.C. §1983 and the Plaintiff is seeking redress for the violations of her constitutional rights under the 4th Amendment.

2

3. The United States District Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1343. This Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in this judicial district under 28 U.S.C. §1391 because all claims arose in Adair County, which is located in the geographic area covered by the Western District of Kentucky.

5. Plaintiff, Dianna Dobson is an adult resident of Columbia, Adair County, Kentucky and resided there at the time of the events that gave rise to this claim.

6. The Kentucky State Police is a Kentucky government body that is charged with the duty to provide law enforcement services and protection for the City of Columbia and the Commonwealth of Kentucky.

7. Rodney Brewer is the acting Commissioner for the Kentucky State Police and Rick Sanders served as Commissioner at the time relevant to Plaintiff's claims. They are named in this lawsuit in their individual and official capacities.

8. Adam Sandidge and Allen Shirley are State Troopers for the Kentucky State Police and served as a Kentucky State Troopers during the events that gave rise to Plaintiff's claims. The officers are named in this lawsuit in their individual and official capacities.

9. The Defendant, Kentucky Justice & Safety Cabinet, at all times mentioned herein, employed, was responsible for the establishment of policies and practices, either formally or by custom, and was responsible for the employment, training, supervision, and conduct of employees and officers of the Kentucky State Police.  The conduct, customs, practices, and policies of the Defendant, the Kentucky State Police, were the moving force of the violations of

the Plaintiff's clearly established constitutional rights to be free from unlawful searches and seizures, free from the use of excessive force, and free from violations of state law claims.

## STATEMENT OF FACTS

10. On July 7, 2019, Plaintiff, Dianna Dobson, was a passenger in a vehicle being driven by her husband, Carlton Dobson.

11. The Kentucky State Police stopped Carlton Dobson's vehicle at a roadblock at the intersection of Liberty Road (Hwy 206) and Elkhorn Road (Hwy 76).

12. At the roadblock Dianna told the officers she had taken prescription medication earlier in the day.

13. Dianna takes prescription medication because she suffers from severe epilepsy and has a long history of seizures.

14. The officers did not inquire as to what medication Dianna had taken.

15. The officers did not conduct a field sobriety test on Dianna.

16. Due to fear of flashing lights giving rise to seizures, Dianna attempted to walk away from the police stop.

17. The two police officers than grabbed Dianna around the waist and slammed Dianna into the ground.

18. Dianna received cuts, bruising, and was bleeding from her head.

19. The officers then charged Dianna with five offenses: (a) public intoxication, (b) menacing, (c) disorderly conduct, (d) fleeing or evading police, and (e) resisting arrest.

20. Dianna was placed in custody and sent to jail without being given her seizure medication.

## COUNT I -- DEPRIVATION OF RIGHTS UNDER
## THE FOURTH AMENDMENT AND 42 U.S.C. §1983 –
## UNREASONABLE SEARCH AND SEIZURE/EXCESSIVE FORCE

21. Plaintiff re-alleges and incorporates by reference paragraph 1 through 25 as though fully stated herein.

22. That the conduct of the Defendants was subject to 32 U.S.C. §§1983, 1985, 1986, and 1988.

23. The Defendants, acting under color of law, deprived Plaintiff of her substantial rights secured by the United States Constitution and other laws, along with her constitutional right to equal protection of the laws.

24. The aforementioned actions of Officer Adam Sandidge and Allen Shirley, as described in this Complaint, caused Dianna Dobson to be physically injured and restrained and then subjected Dianna to false and malicious charges that violated Dianna's civil and constitutional rights as guaranteed under 42 U.S.C. §1983 and the Fourth Amendments to the United States Constitution, including, but not limited to the right to be free from unreasonable searches and seizures of her person and the right to be free from the use of excessive, unreasonable and unjustifiable force.

25. The aforementioned Defendants, who were acting under color of law, alone or in concert with one another, caused specific and serious physical and emotional pain and suffering and were 1) excessive and unreasonable, (2) done intentionally, willfully, maliciously, with a deliberate indifference to and/or with a reckless disregard for the natural and probable consequences of their acts and (3) done without lawful justification or reason.

26. As a direct and proximate result of Defendants' wrongful acts and omissions, Dianna suffered and may suffer in the future substantial and permanent physical and emotional pain and humiliation, attorney fees and medical costs.

27. As a further result of the events alleged herein, Dianna suffered loss of liberty and other constitutional rights mentioned previously.

## COUNT II – LIABILITY OF KENTUCKY JUSTICE & SAFETY CABINET, THE KENTUCKY STATE POLICE, & THEIR AGENTS

28. Plaintiff re-alleges and incorporates by reference paragraph 1 through 27 as though fully stated herein.

29. At all times relevant to this Complaint, Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the state troopers

30. At all times relevant to this Complaint, said Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, either directly or indirectly, under of color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the state troopers heretofore described.

31. At all times relevant to this Complaint, said Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, had in effect policies, practices and customs and usages of encouraging and/or tacitly sanctioning the violation of individual rights.

32. Said Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, were negligent in hiring, retaining, monitoring, supervising and/or failing to take remedial actions.

33. Said Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, inadequately and improperly investigated incidents of state trooper misconduct.

34. Said Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, failed to enforce policies and procedures and legal requirements.

35. Said Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, failed to adequately train, supervise and/or discipline their state troopers, thereby failing to adequately discourage and prevent further constitutional violations.

36. Said Defendants Kentucky Justice & Safety Cabinet and the Kentucky State Police, failed to have policies and procedures in place to guard against police misconduct, which was a substantial contributing factor in causing Dianna to suffer damages.

37. The wrongful practices, policies, customs and/or usages complained of herein demonstrated a deliberate indifference on the part of the Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police, to the constitutional rights of persons within the state and were the direct and proximate cause of the damages, including violations of Dianna's rights alleged herein.

38. Furthermore, Defendants, Kentucky Justice & Safety Cabinet and the Kentucky State Police are vicariously liable for the acts of their state troopers.

## COUNT III -- DEPRIVATION OF RIGHTS UNDER THE FOURTH AMENDMENT 42 U.S.C. §1983 – FALSE ARREST

39. Plaintiff re-alleges and incorporates by reference paragraph 1 through 38 as though fully stated herein.

40. Under the Fourth Amendment to the U.S. Constitution, Dianna Dobson has a right to be free from arrest without probable cause and these rights are enforceable under 42 U.S.C. §1983.

41. The Defendant Troopers had no probable cause to believe that Dianna Dobson was committing or had committed a crime at the time the Defendant Troopers placed her under arrest.

42. As a result of her arrest and detention without probable cause by the Defendant Troopers, Dianna Dobson suffered and may suffer in the future, physical and emotional pain and humiliation, attorney fees, and medical costs.

### COUNT IV- ASSAULT AND BATTERY-COMMON LAW CLAIMS

43. Plaintiff re-alleges and incorporates by reference paragraph 1 through 42 as though fully stated herein.

44. By the conduct and actions described herein, the Defendants, Trooper Sandidge and Trooper Shirley, committed the torts of assault and battery upon the Plaintiff.

45. Trooper Sandidge and Trooper Shirley had physical contact with the Plaintiff, which was intentional, unauthorized and grossly offensive.

46. Trooper Sandidge and Trooper Shirley intentionally placed Plaintiff in imminent fear of bodily injury, committing the tort of assault.

47. The actions of the Defendant Troopers named in numbered paragraph 46 were intentional, reckless, unwarranted, nonconsensual and without any just cause or provocations.

48. As a direct and proximate result of the foregoing, Plaintiff was subjected to physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

### COUNT V- FALSE IMPRISONMENT

49. Plaintiff re-alleges and incorporates by reference paragraph 1 through 48 as though fully stated herein.

50. Trooper Sandidge and Trooper Shirley intentionally restrained Plaintiff's person, confined her against her will and deprived her of liberty of movement without her consent.

51. Plaintiff was aware of the confinement and suffered pain and mental anguish as a result.

52. As a proximate and substantial result, Plaintiff has suffered physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

## COUNT VI - OFFICIAL MISCONDUCT

53. Plaintiff re-alleges and incorporates by reference paragraph 1 through 52 as though fully stated herein.

54. All Defendants, public servants acting under color of law, intended to injure Plaintiff and deprive her of her civil rights while knowingly (1) engaged in conduct related to his office and which constituted an unauthorized exercise of his official functions, (2) refrained from performing a duty imposed upon him by law or clearly inherent in the nature of his office and/or (3) violated a statute or lawfully adopted rule or regulation relating to their office.

55. All Defendants' conduct violated K.R.S. §522.020 and caused Plaintiff to suffer damages.

56. Pursuant to K.R.S. § 446.070, the Plaintiff is entitled to recover damages from the Defendant for the Defendants' violations of K.R.S. § 522.020.

## COUNT VII – NEGLIGENCE, GROSS NEGLIGENCE AND NEGLIGENCE PER SE

57. Plaintiff re-alleges and incorporates by reference paragraph 1 through 56 as though fully stated herein.

58. That as a result of the aforementioned conduct, the Defendants, Trooper Sandidge and Trooper Shirley breached their respective duties of care to or in favor of Dianna and were negligent and/or grossly negligent.

59. That the Defendant Troopers named in numbered paragraph 58 knew or should have known of their obligations to timely provide medical treatment for Dianna, and/or afford Dianna the opportunity to seek medical treatment, after learning that she was prescribed medications and was suffering a seizure at the time of her assault and battery.

60. That the failure of the Defendant Troopers named in numbered paragraph 58 to timely provide her medical treatment and/or timely afford Dianna the opportunity to seek medical treatment, caused Dianna to suffer physical, mental and emotional injuries.

61. That had the Defendant Troopers named in numbered paragraph 58 timely provided Dianna medical treatment, and/or timely afforded her the opportunity to seek medical treatment, she would not have suffered the aforementioned injuries.

62. That the failure of the Defendants, Trooper Sandidge and Trooper Shirley, to timely provide, and/or timely afford Dianna the opportunity to seek medical treatment for her medical condition of which she was prescribed medication to treat, was a breach of their duty of care and were negligent and/or grossly negligent.

### COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ OUTRAGEOUS CONDUCT

63. Plaintiff re-alleges and incorporates by reference paragraph 1 through 63 as though fully stated herein.

64. Defendants' conduct as described exceeded all reasonable bounds of decency and was extreme, outrageous and utterly intolerable in a civilized community.

65. Defendants intended to and did cause Plaintiff to suffer severe emotional distress.

66. Defendants' conduct was the direct result and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights for which she is entitled to recover.

## COUNT IX – MALICIOUS PROSECUTION

67. Plaintiff re-alleges and incorporates by reference paragraph 1 through 67 as though fully stated herein.

68. Trooper Sandidge and Trooper Shirley, individually and collectively, maliciously and intentionally, caused Dianna to be subject to a wrongful prosecution for the offenses of (a) public intoxication, (b) menacing, (c) disorderly conduct, (d) fleeing or evading police, and (e) resisting arrest.

69. Defendant troopers named in numbered paragraph 58, initiated, continued and procured a criminal proceeding against Dianna and did so without probable cause as a means to achieve a purpose other than bringing Dianna to justice.

70. Dianna has suffered damages as a result of the criminal proceeding against her including, but not limited to, her attorney fees.

WHEREFORE, Plaintiff, Dianna Dobson, demands the following relief:

1. Compensatory damages as supported by evidence and determined by a jury;
2. Punitive damages;
3. Attorney fees;
4. Court costs;
5. Leave to amend her Complaint;
6. Pre-judgment and post judgment interest;
7. Trial by jury;

8. Any and all other relief to which the he is properly entitled in law and equity.

RESPECTFULLY SUBMITTED,

/s/ Aaron Kemper

AARON KEMPER
Attorney for Plaintiff
Barrister's Hall
1009 South 4th Street
Louisville, KY 40203
(502) 584-8583
kemper.aaron@gmail.com

/s/ Zac Meihaus

R. ZACHARY MEIHAUS
Attorney for Plaintiff
Barrister's Hall
1009 South 4th Street
Louisville, KY 40203
(502) 584-8583
zmeihaus@gmail.com