UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:20-CV-00115-GNS

DIANNA DOBSON                                                                              PLAINTIFF

v.

ADAM SANDIDGE, et al.                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss (DN 14) and Plaintiff's Motion to Stay Proceedings (DN 16). The motions are ripe for adjudication. For the following reasons, Plaintiff's motion is **GRANTED** and Defendants' motion is **DENIED**.

I.       **STATEMENT OF FACTS**

Plaintiff Dianna Dobson ("Plaintiff") was a passenger in a car driven by her husband, when Kentucky State Police Troopers Adam Sandidge ("Trooper Sandidge") and Allen Shirley ("Trooper Shirley") (collectively "Defendants") stopped the car at a roadblock. (Am. Compl. ¶¶ 7-8, DN 12). During the stop, Plaintiff informed Defendants she had taken prescription medication earlier in the day due to chronic seizures as a result of epilepsy. (Am. Compl. ¶ 10, 14). Plaintiff retrieved her medication in the original prescription container from her purse and showed Defendants at the stop. (Am. Compl. ¶¶ 11-12). Defendants directed her to put the medication back in her purse. (Am. Compl. ¶ 12). Plaintiff alleges she then attempted to present her medical card to Defendants, but they "did not care to see it." (Am. Compl. ¶ 13). During the stop, Defendants did not ask about the type of medication she had taken or whether it caused intoxication or inebriation; nor did Defendants conduct a field sobriety test. (Am. Compl. ¶¶ 15-17). After being told to exit the car, Plaintiff noticed the flashing lights on Defendants' police cruiser and advised Defendants that she needed to step away from the vehicle to avoid any potential seizures.

(Am. Compl. ¶¶ 19, 23). As Plaintiff attempted to walk away, however, Defendants grabbed her around the shoulder, waist, and legs, and allegedly "slammed" her into the pavement.[1] (Am. Compl. ¶¶ 24-25). At this point, Plaintiff suffered a seizure. (Am. Compl. ¶ 26). While Plaintiff was incapacitated, her husband began shouting to Defendants that she needed her medication, which had been left in the car. (Am. Compl. ¶ 27). Defendants refused to retrieve the medication or allow her husband to do so. (Am. Compl. ¶ 29). Plaintiff was then placed in custody and taken to jail without receiving her seizure medication or treatment for her resulting wounds. (Am. Compl. ¶¶ 29-30). While in custody, Plaintiff did not receive any tests to determine her intoxication. (Am. Compl. ¶ 33).

Subsequently, on July 7, 2019, Plaintiff was charged in Adair District Court for public intoxication, menacing, disorderly conduct, fleeing or evading police, and resisting arrest. *Commonwealth v. Dobson*, No. 19-M-00307 (Adair Dist. Ct. July 7, 2019). The charges are currently pending. (Am. Compl. ¶ 34).

Plaintiff brought this action alleging violations of 42 U.S.C. § 1983 for excessive force and false arrest, along with state law claims for assault, battery, false imprisonment, official misconduct, negligence and gross negligence, outrage, and malicious prosecution. (Am. Compl. ¶¶ 38, 43, 48, 54, 59, 64, 71, 75). Plaintiff initially brought this action against the individual Defendants and against additional defendants in their official capacities, and the Kentucky State Police and Kentucky Justice and Safety Cabinet. (Compl., DN 1). Plaintiff later amended the Complaint to allege the same claims only against Defendants in their individual capacities. (Am. Compl. ¶ 6). Defendants have moved to dismiss. (Defs.' Mot. Dismiss, DN 14). Plaintiff

---

[1] Plaintiff alleges that during a suppression hearing, Trooper Sandidge admitted Plaintiff was not under arrest when she exited the car. (Am. Compl. ¶¶ 22).

2

responded and moved to stay the proceedings. (Pl.'s Resp. Defs.' Mot. Dismiss, DN 15; Pl.'s Mot. Stay, DN 16). These motions are now ripe for decision. (Defs.' Reply Mot. Dismiss , DN 17; Defs.' Resp. Pl.'s Mot. Stay, DN 18).

### III. DISCUSSION

#### A. Motion to Stay

Defendants moved to dismiss Plaintiff's claims without prejudice due to her pending state charges. (Defs.' Mot. Dismiss 1). In addition, Defendants argue Plaintiff's malicious prosecution and outrage claims should be dismissed for failure to state a claim. (Defs.' Mot. Dismiss 1). Plaintiff responds that, rather than dismiss her claims, the Court should stay proceedings, as is common practice when the federal plaintiff is currently being charged in state court. (Pl.'s Resp. Defs.' Mot. Dismiss 1-2). In the subsequent Motion to Stay, Plaintiff asserts that she filed this action while her criminal case was pending in order to comply with the statute of limitations for certain claims. (Pl.'s Mot. Stay 1). Plaintiff also alleges her criminal trial has been delayed due to the COVID-19 pandemic. (Pl.'s Mot. Stay 1-2). Defendants acknowledge the Court's discretion to stay the proceedings but contend the Court should still dismiss the entire action without prejudice. (Defs.' Resp. Pl.'s Mot. Stay 1). Similarly, Defendants argue that, as the statute of limitations for malicious prosecution has not accrued and the outrage claim has not expired, the Court should still dismiss both for failure to state a claim. (Defs.' Resp. Pl.'s Mot. Stay 1).

Under the *Heck* doctrine, a plaintiff cannot challenge her criminal conviction in a civil suit unless the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (citing 28 U.S.C. § 2254). When a "judgment in favor of the plaintiff would necessarily imply the

invalidity of [her] conviction[,] . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* When the criminal action is pending, however, the *Heck* bar does not apply. *Wallace v. Kato*, 549 U.S. 384, 393 (2007). Rather, when a plaintiff files a civil action "related to rulings that will likely be made in a pending or anticipated criminal trial", it is "common practice[] to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 94 (citing *Heck*, 512 U.S. at 487-88 n.8; *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)). If the plaintiff is ultimately convicted, *Heck* will then require dismissal. *Id.* Otherwise, the civil action may proceed, absent some other bar to the litigation. *Id.* (citations omitted).

Thus, the basic question is whether a judgment in favor of the plaintiff on her civil claims would necessarily imply the invalidity of her possible state conviction. If not, then the plaintiff may go forward. Otherwise, the Court should stay the action until the criminal case is ended. The Court finds Plaintiff's claims would impliedly invalidate her pending criminal charges, and therefore, stays the action.[2]

### 1. *Excessive Force, Assault, Battery, and Official Misconduct*

Plaintiff contends Defendants violated her Fourth Amendment right to be free from the use of excessive force pursuant to Section 1983. (Am. Compl. ¶ 38). Generally, a claim for excessive force does not risk impliedly invalidating a state conviction. *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (citing *Swiecicki v. Delgado,* 463 F.3d 489, 493 (6th Cir. 2006)). There are two

---

[2] Although Defendants request the Court dismiss the claims without prejudice, Defendants also acknowledge the Court's discretion to stay. (Defs.' Resp. Pl.'s Mot. Stay 1). As it is "now the proper procedure is to stay the action rather than dismiss the claims without prejudice pursuant to *Heck*", this Court opts to stay. *Kennedy v. City of Villa Hills*, No. 07-122-DLB, 2008 WL 650341, at *5 (E.D. Ky. Mar. 6, 2008); *see also Mardis v. Timberlake*, No. 1:07CV1005, 2009 WL 4280970, at *10 (S.D. Ohio Nov. 24, 2009) ("Under pre-conviction circumstances, a stay of proceedings, and not dismissal under *Heck*, is appropriate." (citation omitted)).

circumstances, however, when an excessive force claim would conflict with a state conviction: "when the criminal provision makes lack of excessive force an element of a crime [or] when excessive force is an affirmative defense to the crime . . . ." *Id.* Under the commentary to KRS 520.090, an affirmative defense to a plaintiff's charge of resisting arrest is "where the officer used more force than is reasonably necessary to effect the arrest so that his conduct constitutes an assault on the person arrested." *Id.*; *see also Settles v. McKinney*, No. 3:12-CV-00368, 2013 WL 5346503, at *3 (W.D. Ky. Sept. 23, 2013).

Although neither party has addressed the basis of her resisting arrest charge, a favorable judgment on Plaintiff's excessive force claim could provide a defense to her charge under Kentucky law. Plaintiff's excessive force claim is, therefore, stayed. *See Settles*, 2013 WL 5346503, at *3. By extension, Plaintiff's assault and battery claims are similarly stayed. *See Lacer v. Pickard*, No. 1:05-CV-00094-R, 2011 WL 2940721, at *2 (W.D. Ky. July 19, 2011) (dismissing assault and battery claims under *Heck* for the same reason as excessive force). Plaintiff also brings a state law claim for official misconduct and alleges she was deprived of her civil rights when Defendants used "excessive force against a citizen who committed no crime and posed no threat . . . ." (Am. Compl. ¶ 59). For the same reasons, therefore, Plaintiff's claim for official misconduct is also stayed.

### 2.     *False Arrest and False Imprisonment*

Plaintiff also contends Defendants violated her Fourth Amendment rights to be free from arrest without probable cause pursuant to Section 1983. (Am. Compl. ¶ 43). In a Section 1983 false arrest claim, a plaintiff must prove the arresting officer lacked probable cause to make the arrest. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (citation omitted). Plaintiff alleged she was not under the influence of any intoxicants and that Defendants lacked

probable cause that she was committing a crime at the time of her arrest. (Am. Compl. ¶¶ 44-45). Accordingly, Plaintiff's false arrest claim impermissibly challenges the basis of her arrest, and, therefore, her criminal charges. *Presley v. LMPD*, No. 3:16CV-118-TBR, 2017 WL 581325, at *3 (W.D. Ky. Feb. 13, 2017) ("Success on his instant § 1983 claims challenging the validity of his arrests . . .would necessarily render [the plaintiff's] convictions invalid."); *see also Clark v. Kentucky*, 229 F. Supp. 2d 718, 725 (E.D. Ky. 2002) (same). The same is also true for her state law claim of false imprisonment. *See Walker v. City of Lebanon*, No. 3:12-CV-855-H, 2013 WL 6185402, at *8 (W.D. Ky. Nov. 25, 2013) (dismissing a state false imprisonment claim under *Heck* because same analysis applies to false imprisonment claims under Section 1983 and the court had dismissed the federal claim). Accordingly, both claims are stayed.

### 3. *Malicious Prosecution*

Plaintiff alleges Defendants maliciously caused her to be subject to wrongful prosecution without probable cause. (Am. Compl. ¶ 76). Like the claim for false arrest and false imprisonment, Plaintiff's claim for malicious prosecution alleges a lack of probable cause, and therefore, would impliedly invalidate her criminal charges. *See Robinson v. Hardin Cty. Detention Ctr.*, No. 3:18-CV-P301-DJH, 2018 WL 3661452, at *2 (W.D. Ky. Aug. 2, 2018) (dismissing plaintiff's malicious prosecution claim under *Heck*). Accordingly, Plaintiff's malicious prosecution claim is stayed.

### 4. *Outrage*

Plaintiff alleges Defendants' conduct caused extreme emotional distress but fails to reference specific instances of conduct. (Am. Compl. ¶ 71). As such, Defendants argued the claim is duplicative of Plaintiff's other claims under Kentucky law because it is based upon Plaintiff's arrest. (Defs.' Mot. Dismiss 14). Yet, Defendants also seek to stay the claim for this exact reason. (Defs.' Mot. Dismiss 11-12). Plaintiff, on the other hand, argues her claim is not part of any

6

underlying criminal charges, yet she too requests a stay. (Pl.'s Resp. Defs.' Mot. Dismiss 4-5; Pl.'s Mot. Stay 2). At this juncture, the question before the Court is whether to stay the claims at all, not whether to dismiss them failure to state a claim. Plaintiff asserts the outrage claim is based upon Defendants refusal to retrieve her medication from the car while she was having a seizure, even after Plaintiff had presented her prescription medication to them and after her husband was shouting to them during the episode. (Pl.'s Resp. Defs.' Mot. Dismiss 4-5). One of Plaintiff's charges is for public intoxication, which the applicable statute defines as follows:

> A person is guilty of public intoxication when he appears in a public place manifestly under the influence of a controlled substance, or other intoxicating substance, excluding alcohol (unless the alcohol is present in combination with any of the above), not therapeutically administered, to the degree that he may endanger himself or other persons or property, or unreasonably annoy persons in his vicinity."

KRS 525.100(A). Plaintiff claims Trooper Sandidge agreed she was not under arrest for public intoxication when she exited the vehicle. Were this Court to further find Defendants knew she was on prescription medication, and failed to provide care during her seizure, it would undermine Defendants' basis for probable cause to arrest her after she walked away from the police cruiser. *See Haley v. City of Elsmere*, No. 2008-106 WOB, 2010 WL 3515564, at *6 (E.D. Ky. Aug. 31, 2010), *aff'd sub nom. Haley v. Elsmere Police Dep't*, 452 F. App'x 623 (6th Cir. 2011) ("plaintiff's conduct would not fall within the purview of [KRS 525.100] because the controlled substance he was taking was prescribed by a doctor and was thus 'therapeutically administered' . . . ."). Such a finding could impliedly invalidate the charge that she was publicly intoxicated before her arrest.[3] Plaintiff's outrage claim, is therefore, stayed.

---

[3] Although the parties' alternative requests imply the outrage claim arose out of Plaintiff's arrest, "this tort would [still] impugn the criminal matter . . . ." *Lacer*, 2011 WL 2940721, at *2. Like Plaintiff's excessive force claim, "it would be near impossible for a jury to find that [Defendants']

7

### 5. *Negligence*

Plaintiff claims Defendants negligently failed to provide her medical care. (Am. Compl. ¶ 66). Neither party addressed this claim in any motion. Regardless, "district courts have 'broad discretion in determining whether to stay a civil action while a criminal action is pending or impending.'" *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (citing *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)). District Courts generally consider and balance certain factors when determining whether to stay civil proceedings, including:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* Here, the Court has already held that all of Plaintiff's claims implicate her pending criminal charges. Likewise, both parties have requested a stay. Accordingly, in the interests of judicial economy, Plaintiff's negligence claim is similarly stayed.

### B. <u>Motion to Dismiss</u>

As this Court grants Plaintiff's motion to stay, Defendants' motion is denied as moot.

### IV. <u>CONCLUSION</u>

For these reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay (DN 16) is **GRANTED** and Defendant's Motion to Dismiss (DN 14) is **DENIED AS MOOT**.

Greg N. Stivers, Chief Judge
United States District Court

February 23, 2021

cc: counsel of record

---

conduct was outrageous and intolerable without simultaneously believing that he used more force than was necessary to restrain [Plaintiff]." *Id.*